Per Curiam.
This is an ejectment, in which Francis Biddle, surviving executor of Henry Dougherty, the defendant in error, *313 was plaintiff below; and the only question is, whether the testator, Henry Dougherty, ordered his land to be sold, for the payment of his debts and legacies. If he did, the plaintiff may recover by virtue of the act of 12th March, 1800, 3 Sm. L. 4331 But if the will contains no such order, the plaintiff has no title. The testator devised, ci all his estate real and personal, to his wife, Sarah, during her natural life, after discharging all his lawful debts,” and from and immediately after her decease, he gave and devised, “of the same, unto his nephew, John Dougherty, five pounds, likewise, to Henry Dougherty, five pounds, and Daniel Dougherty, twenty pounds, and to his sisters in Ireland, in the following manner: to his half sister, Peggy Dougherty, thirty pounds, and the residue of his estate, whatever it might be, was to be equally divided, between his two natural-sisters then in Ireland, Molly and Maegy Dougherty, or the surviving heirs of each.” And he appointed his wife, and his friends, Francis Riddle and James Stewart,- his executors. IIis wife survived him, but is now dead, as is also James Stewart, the other executor. There is nothing like an express order, that the testator’s land should be sold, nor can we perceive any thing from which an implication of such an order can be drawn. The land is charged with the payment of debts and legacies, which might be paid by the devisees, and then no sale would be necessary. If not paid, the land .may be sold by legal process. All the testator’s lands are subject to the payment of his debts, by the law of the country. And if an intention of an order of sale can be drawn from this will, sp may it from every will in which land is devised. For it is presumed, that every testator knows the law by which' his lands are liable to his debts. The devisees of this land may recover it, in an ejectment; the creditors, if there are any, may have it sold by execution, after obtaining judgment against the surviving executor; or the legatees, if not satisfied, may come on the land, by actions of several kinds. There is no occasion, therefore, to have recourse to a forced implication, in order to procure a sale. It appears to the court to be a plain case. The will of Henry Dougherty contains no order or direction for the sale of his land, express or implied. The judgment of the Court of Common Pleas, must therefore be reversed.
Judgment reversed.