CARRELL v. POTTER.

# George W. Carrell v. George N. Potter and another.

*Specific performance: Infant: Affirmance.* Specific performance will not be decreed in favor of the assignee of an agreement for the conveyance of land, where the purchaser in such agreement was an infant when the agreement was executed, and assigned the same during his minority to the complainant, but has since come of age, upon a bill for that purpose, filed within five months after such infant attained his majority, without proof of some act of affirmance of the original agreement, and of the assignment thereof, by the latter after reaching his majority.

If such infant, after his majority, had himself brought suit to enforce the agreement, this would, in itself, have been an act of affirmance; but a suit by an assignee, claiming under an assignment from him made during his minority, has no such effect.

The retention of the consideration of such assignment and his quiescence for five months after he came of age, would not alone be sufficient to raise an inference of ratification; and especially not, where he has been out of the state nearly the whole of the five months.

*Answer filed without authority.* Where he was made party defendant to the suit by such assignee, and an answer has been filed, purporting to be on his behalf, which admits all the material facts of the bill, and disclaims all interest, and solemnly declares his ratification of the original agreement, and of the assignment thereof, but which is signed in his name by a solicitor and not by him personally, and it appears from the evidence that such solicitor, in so doing, acted without authority from him, such answer cannot be made the basis for decreeing that he has ratified the original agreement.

*What not sufficient proof of authority to solicitor.* Proof that such solicitor was employed not by him, but by his father, who represented that he was authorized by the son to employ counsel, but who, when examined as a witness in the cause, gave no testimony upon the question of such authority, in the absence of any other evidence on the subject, is insufficient. Upon such evidence there is no presumption of the authority of the solicitor to put in the answer.

*Evidence: Hearsay.* Such representations of the father to the solicitor were mere hearsay upon a question not thus provable, and which, if true, admitted of easy proof at the proper time by competent evidence.

*Heard July 13. Decided October 3.*

Appeal in Chancery from Eaton Circuit.

*D. P. Sagendorph* and *D. C. Wiley,* for complainant.

*E. A. Foote* and *P. T. Vanzile,* for defendant Potter.

*J. W. Nichols,* for defendant Young.

23 MICH.—48.

CARRELL *v.* POTTER.

GRAVES, J.

This suit was instituted to compel Potter to perform an agreement for the conveyance of a parcel of land in Eaton county. The court below decreed performance and Potter appealed. It appears that in August, 1864, the defendants Potter and Young entered into a written agreement by which Potter agreed to convey the land to Young for two hundred and fifty dollars, and that a large portion of the consideration was then paid and the payment of the residue deferred until October of the following year.

The contract contained mutual stipulations and was formally executed by the parties. On the 25th of March, 1865, Young made a written assignment of the contract to one Jesse Chance, who, on the 6th of June thereafter, assigned to complainant. Young did not become of age until January, 1866, and was consequently a minor at the time of his contract with Potter, and when he assigned it to Chance. The bill was filed in June, 1866, being about five months after Young attained his majority. The defendant Potter resists the suit on several grounds, but as one of them in our opinion is decisive, we shall refrain from noticing the others. The contract with Potter, and the assignment to Chance through which complainant claims, having been made while Young was under age, are not binding upon him unless confirmed since January, 1866, when he became of age, and if not so confirmed, it still remains optional with him to disaffirm either of them; and if there is an outstanding option in Young to disaffirm the original contract or his assignment to Chance, the defendant Potter ought not to be required to convey to complainant, who holds subject to such option, which is personal to Young. The absoluteness of the assignment to Chance is not only a matter of supreme importance as it bears

upon complainant's title to sue, but also as it bears upon the protection due to Potter against outstanding claims..

If Young had sued to enforce the agreement, it would, in itself, have been an act of confirmation or affirmance. But a suit by a party, claiming to be his assignee under an assignment made during his *minority*, has no such effect. The competent party cannot, by suing to enforce or affirm the contract of the infant, thereby ratify the infant's agreement and bind him. In this suit by Carrell, claiming through an assignment by the minor, he is put to proof of his *title* and *equity* against Potter, and is inclusively obliged to show ratification of the original agreement, and also of the assignment, which is a link in his title. But if ratification of the latter should be established, there would be but little if any ground to dispute the obligation of Young to abide by the former.

The agreement to buy the land was in the nature of a purchase. The assignment to Chance was in the nature of a conveyance ; and it seems to be generally admitted that more solemn and decisive acts are requisite to prove ratification of the latter than of the former. The distinction,. however, is of no practical importance here.

Aside from the effect due to Young's supposed action as a party to the suit, there is nothing in the case to show ratification of the assignment to Chance, or indeed of the original agreement, except his retention of the consideration of the assignment and his quiescence for the few months subsequent to his becoming of age in January, 1866. And these facts, if they stood alone, would be insufficient to raise an inference of ratification.

But their efficacy, as a basis or inducement for such an inference, is weakened by the probability which the evidence suggests that Young has been out of the state nearly the whole time since his arrival at twenty-one.

The complainant, however, relies upon Young's connection with the suit, and his alleged participation in it. It is, therefore, necessary to notice this aspect of the case. The complainant's counsel was rightly of opinion that the questions growing out of Young's disability were unavoidable and could not be regularly adjudicated unless he was made a party. Young was, therefore, named as defendant in the bill. But he was neither served with process, nor brought in by publication, nor examined as a witness.

The complainant, however, maintains that Young has appeared, and, by answer, not only admitted all the material facts asserted by the bill, and disclaimed all interest, but solemnly declared his ratification of the original agreement and of his assignment to Chance. The defendant Potter, denies the validity of this appearance and answer, and insists that they do not bind the defendant Young.

On inspecting the record, we find what purports to be an answer of that defendant, containing the matters imputed to it. But this supposed answer was not signed by Young. A solicitor of the court appears to have filed the answer in Young's name, and in so doing to have acted in the assumed character of his agent; and this action of the solicitor is explained by the evidence, from which it appears that this gentleman acted upon the sole authority of an employment by Young's father.

The proof wholly fails to connect the defendant Young, with the answer. On the contrary, it tends strongly to disprove his connection with it. The solicitor indeed says that his employer, the old gentleman, represented that he was authorized by the son to engage counsel, but this was mere hearsay respecting an important point which was not thus provable, and which at the same time, if true, admitted of easy proof by competent evidence. The old gentleman was himself twice examined, but gave no evidence what-

CARRELL v. POTTER.

ever upon this vital question. And as the evidence stands there is no presumption in favor of the authority of the solicitor to put in the answer.

The answer, under the circumstances,. must be considered as having been put in without any authority, and as standing on the files without any sanction by the party in whose name it was filed. Its contents have no support in any thing said or done in the case by defendant Young, and we are not aware of any principle upon which it can be made a basis for decreeing in effect, as against Potter, that the defendant Young is bound by his assignment to Chance, or that he has ratified the original agreement. The question respecting the effect to be given to the answer, is necessarily involved, and it arises directly in the same suit and not collaterally, and we think that Potter is right in insisting that no decree should be granted against him upon the statements of an alleged answer of his co-defendant, when such answer is without any express or implied authority of such defendant, and embodies only the unauthorized statements of the solicitor.

The decree below must be reversed with costs, and the bill dismissed without prejudice to any remedy at law or in equity the complainant may be advised to pursue.

CAMPBELL, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.