Price, J.
It is important to keep in mind at least three dates — dates of events which are vitally involved in the consideration of this case. The deeds which were executed by Victor E. Brown for land he desires partitioned, were executed on the 12th day of March, 1888, when he was eighteen years of age. He arrived at his majority on the 24th day of October, 1890. The action now under review was commenced by him on the 17th day of April, 1909.
If he can now be relieved from the effect of the deeds made during his infancy, there is no doubt that he is entitled to partition as prayed for, because such deeds are the only legal obstacle to his obtaining that relief.
The conveyances having been made during the infancy of the grantor, three or more questions arise: (1) Did the minor grantor, after arriving at majority so confirm or ratify the conveyances that he is bound by them? (2) Has he disaffirmed the conveyances within proper time and in a legal manner? (3) Did he commence this action within the time allowed by law for that purpose? Or was' his right of action barred by ■ the statute of limitations on the 17th day of April, 1909?
Looking at the findings of fact, we see nothing to show a ratification or confirmation of the conveyances, after Brown arrived at majority. All that relates to that subject is contained in the following finding: “That said plaintiff, Victor E. *392 Brown, lived within one and a half miles of said lands from the time of his mother’s death until the commencement of this suit, and 'frequently visited at the Levering home and was on friendly terms with all of them, and frequently assisted said Satira M. Levering upon her request in the management of said lands by his counsel and advice. That said Victor E. Brown made no demand or effort to assert his rights as to the ownership of said lands, or of any interest in them until the commencement of this suit, April 17th, 1909.”
We take this finding to mean that Brown was a near neighbor to the lands occupied by some of the grantees with whom he was on friendly terms, and whom he frequently visited, and that he gave advice to the aged widow about the management of said lands. One other finding should be remembered, which is, that the grantees of Victor E. Brown kept the deeds from record until the year 1909, and “that when they were so filed for record, Brown had no knowledge of their existence, or recollection of having signed them.” It seems to be the law that to confirm or ratify, one must have knowledge of the matter or transaction to be confirmed or ratified, and that silence or even acquiescence does not amount to such ratification.
In Tucker v. Moreland, 10 Peters, 75-6, it is said: “Without undertaking to apply this doctrine to its fullest extent, and admitting that acts in pais may amount to a confirmation of a deed, still we are of opinion that these acts should be of such a solemn and unequivocal nature as to establish a clear intention to confirm the deed, after a full *393 knowledge that it was voidable. A fortiori, mere acquiescence, unconnected with any acts demonstrative of an attempt to confirm it, would be insufficient for the purpose.”
In Jackson v. Carpenter, 11 Johns. R., 542-3, it is held by the supreme court of New York, that acquiescence by the grantor in a conveyance made during his infancy, for eleven years after he came of age, did not amount to a confirmation of the conveyance; that some positive act was necessary evincing his assent to the conveyance. The same doctrine is found in Curtin v. Patton, 11 Serg. & Rawle, 311; Urban v. Grimes, 2 Grant R., 96. In the latter case, it is remarked: “However, should an infant grantor neglect to make an actual disaffirmance of his deed of lands, or sale of personal chattels after coming of full age until the time limited by the statute of limitations for bringing an action has elapsed, the delay would operate as an affirmance of the deed or sale.”
In the history of this case, Brown joined others in conveying the real estate. He was young and lacked business experience, and tlje grantees, for some reason, kept the deeds from record over twenty-one years and until 1909, which was the year suit was commenced. Until then, it is found, that Brown had no knowledge or recollection of having signed the deeds. If the signing had ever impressed his mind, the impression faded into forgetfulness, until these instruments appeared of record. Then he sued.
And this brings us to the second question: Has Brown disaffirmed the conveyances within proper time- and in proper manner?
*394 In Drake v. Ramsey et al., 5 Ohio R., 252, it is held, “that a conveyance by an infant feme covert may be disaffirmed whilst action of ejection is not barred by the statute of limitations.” The opinion of Lane, J., is instructive, both on when the right of disaffirmance may be exercised, and what liiay be considered a sufficient act of disaffirmance. On page 254, the learned writer of the opinion says: “We believe that an entry suit, or action, a subsequent conveyance, an effort to restore parties to their original condition, or any act unequivocally manifesting the intention, would render the avoidance effectual, and, that the institution of this suit is an act fully possessing this character.” Continuing, it is said: “But it is strenuously urged that the power of disaffirmance must be executed in a reasonable time; in some short period after the infant becomes of age. The cases cited do not appear to us to establish this proposition, nor do we believe it supported by any sound reasons * * * .”
Again, on the same page, after commenting on authorities cited, it is said: “In our opinion, lapse of time may frequently furnish evidence of acquiescence, and thus confirm the title, but of itself, does not take away the ri"ht to avoid,' until the statute of limitations takes effect. In this position we are countenanced bv decisions of the most respectable courts.” And certain cases are cited. The remainder of the opinion tends to further elucidate the position taken. The foregoing decision was approved and followed in Hughes v. Watson, 10 Ohio R., 127-134. See, also, Cres *395 inger v. Lessee of Welch, 15 Ohio R., 156, where the foregoing cases were thoroughly discussed and approved. There is no later case decided by this court in which these holdings have been questioned or overruled.
Hence it is, that the bringing of the action now under review of itself is a disaffirmance oh the deeds in unmistakable language, and it has been done within the statute of limitations as- will fully appear later in this opinion.
There was nothing- for Brown to restore to the grantees before disaffirming, for the circuit court has found that he received no consideration for the conveyances, and therefore he could restore nothing, even if such duty could be imposed upon him in case he had' received valuable consideration, which we need not decide.
Closely related to the last is the third question: Did Brown commence his action within the time allowed by law for that purpose? Or, in other form, was his right of action barred by the statute of limitations April 17, 1909, the day it was commenced ?
Counsel for plaintiff in error labor to convince us that, “the statute begins to run with the accruing of the cause of action, and not when the risfht to maintain it-becomes personal to the infant * * * and we infer that it is suggested, that the cause of action accrued at the time the minor made the deeds, and not when he arrived at maioritv. We are unable to realize how this view will aid olaintiff in error, for if the cause of action accrued as claimed, it must be conceded *396 that Brown was not required to sue during his minority, and if not during his minority, what is the limitation ?
But we think the premise assumed by counsel is wrong. The right to ratify or disaffirm is a personal privilege conferred by law upon the minor. After coming of age he may ratify and his deed be absolutely binding. On the other hand, he may disaffirm.
It is said in Andrews’ American Law, 698: “Conveyances of real property by an infant cannot be affirmed or avoided until he attains his majority, although the infant may obtain the use of the land in such cases.” This seems a reasonable assertion, because, if the infant is under disability when he executes a voidable deed for real estate, he is likewise disabled to ratify or disaffirm during minority. In Wood on Limitations, Section 238, the author says: “Persons who have not attained the age of majority are infants, and in those states where infancy is within the saving clause of the statute, the statute does not begin to run against him or her, even though he or she has a guardian who might sue the claim in question; nor even though other persons are jointly interested in the claim who are of full age, — until he or she attains the age of majority. The fact that a guardian or infant himself brings a suit before the disability is removed, does not operate as a waiver of the saving clause in favor of the disability.”
This is alc'in to the holding in Roof v. Stafford, 7 Cowen, 179, where the reasons for the rule are *397 clearly stated. In harmony with the latter case is Bool v. Mix, 17 Wend., 119.
See also Carrell v. Potter, 23 Mich., 377; Prout v. Wiley, 28 Mich., 164; Donovan v. Ward, 100 Mich., 601. These Michigan cases fully cover our questions and they cite many authorities in support of what they decide.
See also Sims v. Everhardt, 102 U. S., 312.
Has our statute of limitations made any exception to the current law as we have found it?
Section 4977, Revised Statutes, provides: “An action for the recovery of the title or possession of real property, can only be brought within twenty-one years after the cause of action accrues * * * .” The next section provides that: “If a person entitled to bring the action mentioned in section four thousand nine hundred and seventy-seven (4977) is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may, after the expiration of twenty-one years from the time the cause of action accrues, bring such action within ten years after such disability is removed.”
A restatement of some dates enables us to apply these two provisions. The deeds were executed by Brown on the 12th day of March, 1888, while he was an infant eighteen years of age. He arrived at majority on othe 24th day of October, 1890, and he filed his original ,petition in this case on the 17th day of April, 1909. Twenty-one years, one month and five days elapsed from the date of the deeds until the original petition was filed herein, and eighteen years, five months and twenty-three days elapsed from the time Brown *398 reached his majority before the original petition was filed. He disaffirmed the deeds by filing said petition April 17, 1909, which was done within twenty-one years from the date of his majority.
From what we have said as to the law which controls this case, there' is no reasonable construction of our statute of limitations which bars a recovery.
It follows that vwe should affirm the judgment of the circuit court and it is affirmed.

Judgment affirmed.

■ Spear, C. Davis, Shauck and Johnson, JJ., concur. Donahue, J., not participating.