# CHARLESTON

HOBBS *et al.* v. HINTON FOUNDRY, MACHINE & PLUMBING CO.

Submitted May 26, 1914.   Decided June 9, 1914.

1. INFANTS—*Contracts—Validity.*
    Contracts by minors are generally not void, but voidable only, and may be ratified or disaffirmed after majority. (p. 446).

2. SAME—*Contracts—Ratification.*
    While ratification is generally a question of intention, the purpose to ratify need not be expressly declared. Such purpose may be, and

ordinarily is, inferred from the free and voluntary acts of the party to be charged, although he may not have in mind any definite intent or purpose to ratify.    (p. 446).

3. SAME.

    To effectuate a ratification, however, the acts must be inconsistent with any other purpose; as where, after attaining his majority, he retains and for an unreasonable length of time enjoys the beneficial use of property purchased while a minor, or exercises such acts of ownership over it as clearly evince a purpose to ratify.    (p. 446).

4. SAME—*Contracts—Ratification—Questions of Fact.*

    Whether he acts within a reasonable time after full age, and what acts constitute a ratification, are ordinarily questions of fact.    (p. 446).

5. SAME—*Contracts—Ratification—Disaffirmance.*

    While much depends upon the promptitude with which acts are performed by way of confirmation or disaffirmance after attaining full age, no time has been, or in the nature of things can be, definitely fixed as alike applicable to all cases.    (p. 446).

6. SAME—*Contracts—Ratification.*

    An infant's contract wholly consummated by him before or after full legal age, requires more prompt action and a less degree of confirmatory conduct than one not thus performed.    (p. 446).

7. SAME—*Contracts—Right to Disaffirm.*

    The retention, for three months after full age, of possession of property purchased by an infant, his enjoyment of the beneficial use thereof, payment of part of the consideration therefor, and his offer for sale of part thereof, do not preclude right to disaffirm, or authorize the inference of an intenetion to ratify.    (p. 447).

8. SAME—*Contracts—Disaffirmance—Discharge of Trust Lien.*

    A disaffirmance after full age of a contract made while an infant, and a return or offer to return to the vendor of the property purchased, will effect the discharge of a trust lien given to secure payment of the consideration, and to acquit both principal and surety therefrom.    (p. 449).

Appeal from Circuit Court, Summers County.

Suit by T. E. Hobbs and others against the Hinton Foundry, Machine & Plumbing Company and others. From a decree for plaintiffs, defendants appeal.

*Affirmed.*

*A. D. Daly,* for appellants.

*E. C. Eagle* and *H. A. Bolin,* for appellees.

LYNCH, JUDGE:

Does one who, while a minor, purchases personal property, and thereafter and for three months next ensuing his majority uses and operates it in the conduct of a foundry and plumbing business, taking unto himself the profits, if any, arising therefrom, advertises it for sale but sells no part of it, pays part of the consideration therefor and a rental on a building leased to him by the seller, thereby ratify his contract, and bind himself to pay the residue of the consideration? Or may be, notwithstanding these acts on his part, subsequently disaffirm the contract, and thereby exonerate himself from further liability thereon? If so, does his disaffirmance operate to discharge the lien of a deed of trust by himself and wife and a brother to secure the payment of the consideration and rental payable under the contract and leasehold? A proper answer to each of these inquiries determines the issues involved in this cause.

On April 17, 1911, T. E. Hobbs, then a minor, purchased of the Hinton Foundry, Machinery and Plumbing Company its machinery and plumbing outfit. The consideration therefor, and the rental on the building in which the property was then located and used, was secured by a deed of trust by plaintiff, his wife (also then a minor) and his brother on the machinery and appliances and on undivided interests in a lot in the town of Hinton, plaintiff alone signing the note thus secured.

From the date of the purchase until September 1, 1911, plaintiff used the property in the operation of a general foundry and plumbing business, contracting for work appertaining to such business, and taking to himself the profits, if any, arising from the conduct thereof; he also paid part of the original purchase price, and the rental as it became due, advertised part of the property for sale but did not sell any of it, and in addition purchased and operated with it other like machinery and appliances. But on September 1, 1911, by notice in writing duly served, he notified defendant of his disaffirmance of the contract, offered to return the property purchased of it, and demanded a cancellation of the note and trust deed.

With few exceptions not necessary to be noted here, the contracts of infants are voidable, and not void. *Blake* v. *Hollandsworth,* 71 W. Va. 388. But whether an infant should, within a reasonable time after arriving at full age, do some affirmative act indicative of an intention on his part to repudiate, we are not now called upon to decide, because of plaintiff's notice and offer; though whether he acted within a reasonable time does become an important inquiry in connection with the facts recited, which, according to defendant's contention, operated as a ratification prior to the service of such notice.

While ratification is, generally speaking, a question of intention, it is not essential that the purpose to ratify shall be expressly declared. It may be, and ordinarily is, inferred from the free and voluntary acts and conduct of the party sought to be charged, although at the time he may not have had in mind any ,definite idea or purpose of ratification. But, to effectuate a ratification, his acts, words or conduct must be inconsistent with any other purpose; as where, after arriving at age, he retains for an unreasonable length of time the property purchased by him while in infancy, or uses it as his own, or exercises such acts of ownership over it as clearly evinces a purpose to ratify. *McCartney* v. *Carter,* 49 Ill. 53, 95 Am. Dec. 572; *Dixon* v. *Merritt,* 21 Minn. 196; *Turner* v. *Gautier,* 83 N. C. 357; *Mustard* v. *Wohlford,* 15 Gratt. 329. Whether he acts within a reasonable time after full age, and, if he does, what acts constitute a confirmation of contracts made in infancy, are questions of fact, to be determined in the usual manner, either by a jury under proper instruction or by the chancellor when properly submitted to him. *Durfee* v. *Abbott,* 61 Mich. 471; *Irvine* v. *Irvine,* 9 Wall. 617.

While much depends upon the promptitude with which acts are perfomed by way of ratification or disaffirmance after attaining his majority, no period of time generally applicable in all cases has been, or in the nature of things can ever be, definitely fixed. The acts and conduct relied on for confirmation, and the reasonableness of the time, must be determined from the facts and circumstances of each particular case; for what may be a reasonable time, and what a ratifica-

tion, under some conditions, may be unreasonable and insufficient under other conditions. An infant's contract wholly consummated by him either before or after full legal age requires more prompt action and a less degree of confirmatory conduct than one not fully performed by him, as in this case; for as to plaintiff the contract remains executory, though executed by defendant. A like distinction is noted and upheld between sales to infants and sales by them, and between conveyances of their lands and purchases of land by them. For if, after full age, one, who while a minor sells lands belonging to him, stands by an unreasonable length of time, and without notice or warning of an intention to repudiate his contract or deed, sees his vendee make valuable improvements on the land, he will thereby estop himself from the assertion of a right to annul the contract or deed and to demand a rescission and reconveyance. These distinctions are discussed in *Gillespie* v. *Bailey*, 12 W. Va. 70, and *Blake* v. *Hollandsworth, supra.*

Did plaintiff act, or fail to act, within a reasonable time after June 3, 1911? Or did he, by his acts and conduct thereafter and before notice to the defendant, preclude right to disaffirm? These are questions so inseparable that both may to some extent be properly treated and answered together. In *Hook* v. *Donaldson*, 9 Lea 56, a delay of four years was held unreasonable, while in *Gaskins* v. *Allen*, 137 N. C. 426, a delay of three years was deemed reasonable. In *Green* v. *Wilding*, 59 Ia. 679, and *Kline* v. *Beebe*, 6 Conn. 494, a delay of four years was held unreasonable. But payment, four months after full age, of part of the consideration for land purchased while an infant, does not alone imply a ratification. *Land Co.* v. *Sandford*, 24 S. W. (Tex.) 587. Acknowledgment of the validity of the debt and oral promise to pay it are insufficient. *Whitney* v. *Dutch*, 14 Mass. 457; *Hinely* v. *Margaritz*, 3 Pa. 428; *Hatch* v. *Hatch*, 60 Vt. 160. Nor does part payment of the debt alone constitute a legal affirmance. *Kendrick* v. *Neisz*, 17 Col. 508. See, also, *Barnaby* v. *Barnaby*, 18 Pick. 221, where after majority he paid rent arrearages previously due. Mere inactivity is insufficient. 56 Mo. 211.

These cases sustain ratification of contracts made in infancy, where after majority he continued in the possession, use and enjoyment and exercising acts of ownership inconsistent with an intention to disaffirm: *Boody* v. *McKenney*. 23 Me. 517, where it seems the property was personalty, only a small part of which came into his possession after majority, but which he retained for three years and then sold, the residue having been consumed or otherwise disposed of during his minority; *Ellis* v. *Alford*, 64 Miss. 8, where an infant exchanged his for other lands which she occupied and used for 9 years after full age; *Luce* v. *Jestrab*, 12 N. D. 548, where an infant purchased and for nine months after majority retained possession of a team of horses, using them, and twice promised to pay the note executed by him therefor; *Lawson* v. *Lovejoy*, 8 Me. 405, 23 Am. Dec. 526, where the facts were similar to those in the Luce case; *Robinson* v. *Hoskins*, 77 Ky. 393, where infant purchased a horse which after majority he sold, and appropriated to use the proceeds thereof; *Boyden* v. *Boyden*, 50 Mass. 304, where the infant purchased goods (not necessaries) on credit, and retained and used them an unreasonable time (duration not noted), without offer to restore or notice of disaffirmance; *Chesire* v. *Barrett*, 4 McCord 241, 17 Am. Dec. 735, where infant purchased a horse, and sold it after his majority. A suit for specific performance is a ratification. *Carroll* v. *Potter*, 23 Mich. 377.

But while, in the case under consideration, the acts on which defendant relies for confirmation consist only in the retention by plaintiff for three months after full age of the property sold to him, and the beneficial use and profits derived from it during that period, payment of part of the consideration therefor and of rent accruing under the lease, and offering the property for sale but not selling or otherwise disposing of it, can not so far operate to defendant's prejudice as to warrant the conclusion either that plaintiff delayed his disaffirmance an unreasonable length of time, or that his acts authorized the inference of an intention to ratify or amounted to a ratification of the contract; especially since it appears, at least it is not denied or alleged, that plaintiff offered to restore to defendant the property, which so far as disclosed virtually remains in the same condition as at the

date of the contract. And, while by the decree complained of the defendant was required to refund part of the consideration paid to it, plaintiff was virtually required to pay defendant the rent due under the leasehold to September 1, 1911, the date of plaintiff's notice of disaffirmance.

That a contract made by an infant may be repudiated by him after he attains his majority is, of course, elementary. It is not questioned here. Nor is his right to disaffirm within a reasonable time after his majority. Having that right, and exercising it, as he did, within three months from the time he could legally act by way of confirmation or repudiation, we can not say the time was unreasonably prolonged, or that plaintiff's acts indicated an intention on his part to ratify his purchase. This conclusion is reached without any intention to assert or deny the application to the facts of this case of clause 2, §1, ch. 98, Code, cited but not argued.

Does the discharge of T. E. Hobbs from further liability on his contract also discharge the trust lien by his co-plaintiffs? While the rule seems well established that, although the principal in a note for the payment of money may be discharged because of his minority at the date thereof, the surety remains liable, it is nevertheless not without exception. To apply it to the facts of this case would be inequitable and unjust; for where the consideration for which liability was incurred has totally failed, the surety is discharged. In that event, the promisee can not have relief against either principal or surety, even if both were otherwise legally bound. Story, Bills §184. If by a disaffirmance of an infant's contract his vendor recovers the property, the suretyship is thereby extinguished. *Baker* v. *Kennett*, 54 Mo. 83. He can not have a recovery on the obligation to pay, and at the same time the property for which it was assumed. The same court in *Patterson* v. *Cave*, 61 Mo. 439, held the surety of an infant released, though the note in suit was negotiable, but had passed by delivery and not by endorsement to the plaintiff. Also in *Bank* v. *Hall*, 106 Ia. 540, the court held "a surety on a promissory note of a minor is not liable thereon where the minor upon attaining majority disaffirmed the contract and returned the property for the purchase price of which the note was given". That defendant in this

case is now without possession of the property sold by him to the plaintiff, solely because he refused to accept it when tendered by plaintiff, does not now avail against W. C. Hobbs or plaintiff's wife, both of whom joined as grantors in the trust deed, but not as makers of the note thereby secured. As plaintiff's wife and brother thus joined in the trust, the first to pass her inchoate right of dower, the second to bind his one eighth interest in the real estate conveyed, they did not improperly unite as co-plaintiffs with T. E. Hobbs to annul the deed. *Sandusky* v. *Oil Co.,* 63 W. Va. 260; *Coffman* v. *Gas Co.,* 81 S. E. 575.

Finding no error, we affirm the decree from which defendant has appealed.

*Affirmed.*