## CONTRACTS ENTERED INTO MY MINORS.

Common Pleas Court of Hamilton County.

### HERSCHEDE MOTOR CAR COMPANY V. GEORGE C. BANGHAM.

Decided, 1926.

*Minors—Right to Disaffirm a Contract Lost—By Unreasonable Delay so to do after Reaching Majority.*

Where a minor purchases an automobile, giving notes in part payment therefor, and continues to use the machine and to make payments thereon for more than six months after attaining his majority, it is too late for him to disaffirm his contract of purchase, and he is bound thereby.

*Clark & McCauley* and *Burton E. Robinson* for plaintiff in error.

*Henry E. Beebe* for defendant in error.

ROETTINGER, J.

This cause comes into this court upon error proceedings from the municipal court of the city of Cincinnati, Ohio wherein plaintiff in error was defendant and defendant in error was plaintiff.

The plaintiff claimed in the court below that on or about October 3rd, 1924, he purchased from the defendant a Star roadster automobile and gave in trade a used Oldsmobile, on which the company allowed him a credit of $50, making certain cash payments to the company, and giving certain promissory notes; that at the time time he made this purchase he was a minor and did not reach his majority until December 21, 1924, and further that during the time between October 3, and December 21, he drove and used the car from time to tme, but never was satisfied with the mechanical performance of the same, and complained constantly to the company as to its conditions.

The record shows that the notes referred to were not signed by George C. Bangham, but were signed by Mrs. Daisy B. Bangham, his mother.

Subsequently in July, 1925, the plaintiff returned the car to the company and repudiated the contract, on the ground that it was made during his minority, and he now seeks to recover the money paid to the company.

The defense is two-fold: First, the company claims that they did not sell the car to the plaintiff at all, but that when he first talked with them about the purchase of a car, they inquired as to his age, and he told them that he was then only twenty, and thereupon, they claim, they refused to deal with him at all, but later on sold the car to his mother, Daisy B. Bangham, and while admitting the fact that the Oldsmobile was turned in for a credit, and that certain cash was paid, they insist, and it is admitted, that the notes were all signed by the mother, and not by the minor.

The record clearly shows that at the time the transaction took place no bill of sale was given as required by the automobile laws of this state. While this may or may not be a matter which would subject the company to criminal proceedings, we do not think it is a matter to be raised in this cause. The record shows that a bill of sale was eventually executed by the company to Mrs. Bangham, the mother, the company's position on this being that the son had no capacity to maintain this suit inasmuch as the transaction was not with him at all, but was with the mother.

They further defend on the ground that even though the transaction was with the minor in October, 1924, nevertheless it was his duty, immediately upon becoming of age in December, or within a reasonable time thereafter, to disavow and repudiate the contract. With this position we are in complete accord. We are thoroughly in accord with the claim of counsel for the plaintiff below that one who deals with a minor does so at his peril, and that a minor upon reaching his majority or within a reasonable time thereafter, may repudiate contracts of this sort made during his minority; and we will go further and say that it is not necessary that the minor put the parties in statu quo ante contractu.

However, the record shows that the minor did not repudiate his contract immediately upon reaching his majority, but that he continued to use the car and that various payments were made from that time up until July, 1925. In our opinion this is a great deal more than a reasonable

time, and we feel that the minor can not be heard in court at this late day to say that he desires to repudiate the contract made during his minority. We believe that the finding of the court below is against the manifest weight of the evidence as to the first defense and contrary to the law as to the second.

There is no question in our mind but what the minor, by his actions after reaching majority, ratified the contract; and in support of that we cite:

*Hobbs* v. *Hinton*, 82 S. E., 267, which holds that such ratification "may be inferred from his voluntary acts' although he had no definite intent to ratify."

The courts have gone so far as to hold that it is not necessary that a minor know of his legal right to disaffirm, and in support of this I find:

*Healy* v. *Kellogg*, 145 N. Y., 943, in which the court holds:

"The actions of a minor are presumed to have been done with full knowledge of his rght to disaffirm."

In our own state in *Drake* v. *Ramsey*, 5 O., 252, the court holds: "The right to disaffirm may be lost by acquiescence."

At a later date we find *Anderson* v. *Soward*, 40 O. S., 325, holding, among other things the following:

"Where a person of full age promises to perform a contract entered into during his minority, he thereby ratifies the contract, although he does not know at the time of the promise that by reason of his minority at the time of the contract, he is not legally liable thereon."

Let an entry be prepared and presented reversing the finding of the municipal court, and remanding this cause to that court for further proceedings according to law.