GEORGE S. ANDREWS *et al. v.* J. L. FLOYD *et al.*

(No. 7540)

Submitted September 19, 1933.  Decided September 26, 1933.

J. D. Jones and Gordon H. Brown, for appellants.
B. W. Craddock, for appellees.

MAXWELL, PRESIDENT:

This is a suit to sell real estate to satisfy judgment liens and to set aside certain conveyances antagonistic to the claims of the plaintiffs. From a decree for the plaintiffs, certain of the defendants appeal.

In the summer of 1930, the plaintiffs sold to defendant, Jesse L. Floyd, an infant, two motor trucks. The boy's mother, Eva Floyd, and his sister, Lucille Floyd Self, became sureties for the payment of the deferred purchase money. In the last three months of the year 1930, several judgments were taken before justices of the peace against young Floyd. Among these judgments was one rendered in favor of the plaintiffs October 29th, for $110.07. So far as the record discloses the fact of the infancy of defendant was not made to appear in any of those cases. In some of them Mrs. Floyd and Mrs. Self were defendants along with the boy and judgments were rendered against all of them.

On the 3rd of October, 1930, Mrs. Floyd executed a deed conveying to M. S. Self, husband of her daughter Lucille, all of the grantor's interest in a tract of 46.9 acres of land which had been assigned to her in 1917 as her dower in her deceased husband's real estate. The recited consideration was

$50.00 and the assumption of payment by the grantee of certain unpaid taxes on the land. Three days later, Lucille Self and husband conveyed all of their interest in said land, that is to say, the life estate which M. S. Self had acquired from his mother-in-law and an undivided one-fifth interest in the remainder owned by Lucille, to J. D. Jones, trustee, to secure C. D. Floyd the payment of the sum of $300.00, borrowed money. Both the deed and the deed of trust were promptly recorded.

The bill attacks both of these conveyances. The deed is assailed as fraudulent, but the deed of trust merely as a preference. The trial chancellor set the deed aside as fraudulent, and cancelled the deed of trust on the ground that it created a preference and that it was fraudulent as well. In our judgment the trial chancellor's adjudication as to the deed is supported by the law and the evidence. But the adjudication that the deed of trust was executed with fraudulent intent cannot be sustained because such is not the ground on which it is attacked in the bill. Nor can the cancellation of the trust as a preference be sustained because the suit was not instituted within four months after the said trust was recorded in the office of the clerk of the county court of Gilmer County. The statute reads: ''But if such transfer or charge be admitted to record within eight months after it is made, then such suit to be availing must be brought within four months after such transfer or charge was admitted to record.'' Code 1923, chapter 74, section 2; Code 1931, 40-1-5.

On the 17th of February, 1931, in the circuit court of Gilmer County, in two actions prosecuted by the plaintiffs in this chancery suit against Eva Floyd, Lucille Self and J. L. Floyd, judgments were taken against the two women but in each case a plea of infancy was filed on behalf of J. L. Floyd and the proceedings were dismissed as to him.

The chancery suit at bar was instituted April 24, 1931. J. L. Floyd was proceeded against as a person *sui juris*. Though other defendants filed defensive pleadings, there was no appearance on behalf of him. There is no intimation in the bill or elsewhere that he was an infant when the suit was

instituted. The fact that he was an infant a little more than two months prior to the institution of the chancery suit appears only from copies of the judgments entered February 17, 1931, in the two actions mentioned, wherein his infancy was pleaded and he was dismissed out of court, which copies are filed as exhibits with the bill.

So far as this record discloses the young man may have become of legal age between February 17, 1931, and the date of the institution of this suit. There is no presumption that he was an infant when this suit was instituted merely because he was an infant two and one-third months previous to that time. Said defendant having been proceeded against in this case as an adult and having been properly served with process, and failing to make appearance, we are unable to perceive wherein the trial court erred in entering a decree against him as though he were a person *sui juris*. The fact that judgments had been taken against him in the fall of 1930 when he was an infant does not give a different aspect to the situation, because contractual obligations of an infant are generally only voidable, not void. They may be ratified or disaffirmed after majority. *Hobbs* v. *Foundry Co.*, 74 W. Va. 443, 82 S. E. 267; *Carrigan* v. *Davis*, 84 W. Va. 473, 100 S. E. 91. Likewise judgments. *Curtis* v. *Ry. Co.*, 68 W. Va. 762, 70 S. E. 776; *Linn* v. *Collins*, 77 W. Va. 592, 87 S. E. 934. If one who was an infant when he incurred obligations or when judgments were obtained against him does not seek to avoid them on the ground of infancy, they stand as valid and binding liabilities. This Court has no original jurisdiction in such matters. *Ewing* v. *Winters*, 39 W. Va. 489, 20 S. E. 572. We can look only to the record before us. On that record we affirm the action of the trial court in decreeing that the judgments against J. L. Floyd are liens on his real estate, and subjecting the same to sale under said liens. As to what may be the procedural rights of J. L. Floyd under appropriate statute need not be discussed.

We affirm the decree of the trial court except wherein it cancels and holds for naught the deed of trust of Lucille Self and husband to C. D. Floyd, October 6, 1930.

*Reversed and remanded.*