**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED
February 19, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Fitness, Fun, and Freedom, Inc.
d/b/a Sky Zone,
Defendant Below, Petitioner**

**vs) No. 20-0344** (Kanawha County 19-C-278)

**David Perdue and Tabbatha Perdue,
as parents and legal guardians of
B.P., a minor
Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner/defendant below, Fitness, Fun, and Freedom, Inc. d/b/a/ Sky Zone ("Sky Zone"), by counsel Don C.A. Parker, Glen Murphy, and James E. Simon, brings this interlocutory appeal of the Circuit Court of Kanawha County's March 19, 2020, order that refused to compel arbitration of a lawsuit brought by respondents/plaintiffs below, David and Tabbatha Perdue, by counsel Scott S. Segal, C. Edward Amos, and Jason P. Foster. Respondents are the parents of B.P. who broke both his legs at Sky Zone's facility when he was seventeen years old.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sky Zone, the proprietor of a "trampoline park," requires customers to sign a "Release of Liability and Waiver" (the "Release"). A minor wishing to visit Sky Zone must have a parent or guardian sign the Release. The Release contains, among other things, an arbitration clause providing that "any dispute, claim or controversy arising out of or relating to . . . the child's access to and/or use of the Sky Zone premises and/or its equipment" must be submitted to arbitration. Within the arbitration clause is a delegation provision requiring that any dispute regarding "the determination of the scope or applicability of this agreement to arbitrate" must be decided by the arbitrator.

On April 1, 2018, then sixteen-year-old B.P. went to Sky Zone's website and, without his mother's permission, forged her electronic signature on Sky Zone's Release form. However, B.P. provided his mother's correct phone number and e-mail address on the Release. The next day, April 2, 2018, B.P. arrived at Sky Zone with his girlfriend, her mother, her grandmother, and others. Before B.P. entered the trampoline park, he was asked by a Sky Zone employee if he had

1

a completed Release form; B.P. responded that he had such a form. Respondents highlight that B.P. was not asked (1) to show any confirmation that the Release was completed, or (2) to provide any identification showing that he was over the age of eighteen. While using a Sky Zone trampoline, B.P. broke both his legs during a backflip attempt.

Respondents sued Sky Zone, alleging negligence and negligent hiring, retention, supervision, training and/or design. B.P. was seventeen years old when the suit was filed, and was, therefore, a minor.

On May 10, 2019, Sky Zone answered respondents' complaint and pled arbitration as an affirmative defense. On July 29, 2019, Sky Zone filed a motion to compel arbitration. Sky Zone asserted that (1) West Virginia and federal law mandate arbitration, and (2) through the Release, B.P. entered into a binding contract with Sky Zone that was not voidable until he became an adult. Sky Zone also argued that even if B.P. could void the Release, he and Sky Zone remained bound by the Release's provisions (and, therefore, the arbitration agreement) through the doctrine of equitable estoppel.

Respondents subsequently moved to amend their complaint to add Fun Spot Manufacturing, LLC ("Fun Spot"), as a defendant. The circuit court granted that motion on January 8, 2020. Fun Spot manufactured the trampolines used by Sky Zone. The amended complaint added claims against Fun Spot for negligence, product liability, and strict liability. Furthermore, the amended complaint added allegations of negligence and gross negligence against Sky Zone. Finally, B.P., who had reached the age of majority, specifically "disaffirmed" and refused to be bound by the Sky Zone Release in the amended complaint.

On January 17, 2020, respondents filed their response to Sky Zone's motion to compel arbitration and asserted that (1) B.P. had reached the age of majority and had disaffirmed the Release; (2) B.P. was not bound by equitable estoppel because Sky Zone possessed the means to discover his forgery; (3) the Release did not include a valid and enforceable arbitration agreement; and (4) the Release should be void on the grounds of unconscionability and public policy.

On January 21, 2020, Sky Zone filed a reply in support of its motion to compel arbitration asserting that (1) respondents failed to comply with the doctrine of severability because they failed to separately challenge the delegation provision in the arbitration agreement (emphasizing that respondents did not mention arbitration in either the original or amended complaints); (2) notwithstanding the doctrine of severability, equitable estoppel binds respondents and B.P. to the Release because Sky Zone reasonably relied upon B.P.'s representations; and (3) public policy favors arbitration agreements, such as the one in the Release, and there is nothing unconscionable about the Release's terms. Respondents sought and received permission to file a surreply in which respondents asserted that the delegation provision in the arbitration agreement was unenforceable.

Following oral argument, the circuit court denied Sky Zone's motion to compel arbitration by order entered March 19, 2020. The circuit court determined that B.P., upon reaching majority, disaffirmed the delegation provision and the arbitration provision. The circuit court found that when petitioner asserted its contractual right to arbitration, respondents properly challenged the enforceability of arbitration clause and the Release; and when petitioner asserted its rights under the delegation provision, respondents properly challenged the delegation provision itself in their

surreply. Finally, the circuit court found that Sky Zone could not satisfy the elements of equitable estoppel because Sky Zone could have discovered B.P.'s forgery if it had investigated B.P.'s claim that he had a signed Release before allowing B.P. access to its trampolines.

Sky Zone now appeals the circuit court's order.

"An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 754 S.E.2d 556 (2013); *see also* W. Va. Code § 55-10-30. "When an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*." Syl. Pt. 1, *W. Va. CVS Pharm., LLC v. McDowell Pharm., Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017).

When examining a motion to compel arbitration, "courts are limited to weighing only two questions: does a valid arbitration agreement exist? And do the claims at issue in the case fall within the scope of the arbitration agreement?" *Golden Eagle Res., II, L.L.C. v. Willow Run Energy, L.L.C.*, 242 W. Va. 372, 378, 836 S.E.2d 23, 29 (2019). We have found that arbitration agreements governed by the Federal Arbitration Act are subject to such a limited review:

> When a trial court is required to rule upon a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–307 (2006), the authority of the trial court is limited to determining the threshold issues of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement.

Syl. Pt. 2, *State ex rel. TD Ameritrade, Inc. v. Kaufman*, 225 W. Va. 250, 692 S.E.2d 293 (2010). The West Virginia Revised Uniform Arbitration Act similarly constrains the scope of review by a court:

> When a trial court is required to rule upon a motion to compel or stay arbitration, the West Virginia Revised Uniform Arbitration Act, West Virginia Code § 55-10-8(b) (2015), limits the authority of the trial court to determining whether a litigant has established: (1) the existence of a valid, enforceable agreement to arbitrate between the parties; and (2) that the parties' controversy falls within the substantive scope of that agreement to arbitrate.

Syl. Pt. 4, *Golden Eagle Res.*, 242 W. Va. at 373, 836 S.E.2d at 24.

West Virginia law clearly provides that "[c]ontracts by minors are generally not void, but voidable only, and may be ratified or disaffirmed after majority." Syl. Pt. 1, *Hobbs v. Hinton Foundry Mach. & Plumbing Co.*, 74 W. Va. 443, 82 S.E. 267 (1914). *See also* Syl. Pt. 2, *Andrews v. Floyd*, 114 W. Va. 96, 170 S.E. 897 (1933) ("Contracts of infants, generally, are not void, but voidable at infant's election, and may be ratified or disaffirmed after majority.). The rule was a part of our case law as early as 1877. *See* Syl. Pt. 2, *Gillespie v. Bailey*, 12 W. Va. 70 (1877) ("A deed or contract for the sale of land, executed by an infant, is not absolutely void, but may be either affirmed or avoided at his pleasure, after he attains his majority."). The record on appeal clearly shows that B.P. was a minor when he signed petitioner's Release, and that B.P. disaffirmed the

3

Release, its arbitration clause, and its delegation provision, when he reached the age of majority. Accordingly, we find no error in the circuit court's determination that there was no valid, enforceable arbitration agreement between the parties.

Petitioner Sky Zone attempts to evade our long-standing rule of disaffirmation by a minor, as well as B.P.'s unequivocal exercise of that rule. Specifically, Sky Zone asserts three assignments of error, all of which focus on the process used by the circuit court in finding the arbitration clause and delegation provision were not enforceable. In its first assignment of error, Sky Zone argues that respondents never properly challenged the delegation provision because respondents did not assert a challenge to it until their surreply. We see no merit to this argument because the record indicates that Sky Zone did not clearly assert its reliance upon the delegation provision until it replied to respondents' response. Our holdings require that a party promptly assert contractual rights to arbitration, and once asserted the responding party must promptly dispute those rights. *See e.g.*, *Parsons v. Halliburton Energy Servs., Inc.*, 237 W. Va. 138, 785 S.E.2d 844 (2016) (discussing waiver of contract rights that are not promptly asserted). When Sky Zone raised the delegation provision, the respondents promptly challenged the validity, revocability, and enforceability of the delegation provision itself. Accordingly, we find no error.

Sky Zone's second argument is similar to its first. Sky Zone contends that the arbitration clause in the Release is enforceable because respondents failed to specifically sever and challenge the arbitration clause directly in their complaint. However, the record shows, and Sky Zone concedes, that respondents' written response to Sky Zone's motion to compel arbitration specifically contains a challenge to the arbitration clause. On this record, we find no merit to Sky Zone's second argument. Respondents properly and timely challenged the arbitration agreement when it was asserted by Sky Zone and, after B.P. reached majority, notified respondents that he was disaffirming the agreement.

Third and finally, Sky Zone contends that respondents are equitably estopped from disaffirming the Release. However, the doctrine of equitable estoppel requires that the party to whom a false representation was made "must have been without knowledge or the means of knowledge of the real facts[.]" Syl. Pt. 6, in part, *Stuart v. Lake Washington Realty Corp.*, 141 W. Va. 627, 92 S.E.2d 891 (1956) (*modified on other grounds by Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010)). The record shows that petitioners knew B.P. was a minor, yet they never verified that a Release had been completed on his behalf, let alone that the Release on file was actually signed by B.P.'s parent or guardian. We therefore find no error in the circuit court's conclusion that equitable estoppel does not apply in this case.

B.P. was permitted to disaffirm the Release, as well as the arbitration clause and delegation provision, upon reaching majority, and the record shows he promptly did so. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 19, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton