KOTLAR ET AL., APPELLANTS, *v.* HOUSE ET AL., APPELLEES.

(No. 1925—Decided February 27, 1989.)

*George L. Nyerges,* for appellants.
*Richard Lombardi,* for appellees.

HOFSTETTER, P.J. On February 11, 1985, Alex Kotlar, nineteen years old, was operating a motor vehicle in a northeasterly direction on State Route 88 in Portage County, Ohio, when Steven House, the driver of another motor vehicle approaching Kotlar from the opposite direction, lost control of his motor vehicle, crossed the center line and struck the vehicle driven by Kotlar head on, causing Kotlar injury. The tortfeasor's vehicle was owned and insured by his mother. Kotlar settled his claim for the amount of the policy limit and, after the money from the policy had been paid, Kotlar executed a release.

Plaintiffs-appellants, John and Margit Kotlar, the parents of Alex, did not participate in the settlement. They expended money in excess of the policy limits for their son's medical treatment.

On February 6, 1987, appellants filed a complaint in the Portage County Court of Common Pleas against defendants-appellees, Steven House and his parents, Nevin D. and Donna K. House, claiming negligent entrustment and negligent operation of the motor vehicle.

The appellees filed a motion for judgment on the pleadings and for summary judgment on September 2, 1987. On November 24, 1987, the court dismissed the claim because the appellants had no cause of action. The appellants have timely filed a notice of appeal and assigned three errors as follows:

"1. Whether the trial court erred by not considering the issue that the mother and father of an injured young adult have a valid cause of action to recover medical necessities furnished for treatment and care against the parents of a minor tortfeasor whose negligence, *per se,* caused the injury to their young adult son living at home and attending college.

"2. Whether the trial court erred by not considering the issue that the mother and father, who furnished medical necessities for treatment and care for their young adult son injured without his fault, have a cause of action against the parents of the minor tortfeasor whose negligence, *per se,* caused the injuries when said minor tortfeasor lost control of the motor vehicle he was operating, with parental consent in the winter time, on a slippery wet highway, with bald rear ties [*sic*], at an excessive rate of speed, and as a result, crossed over the center line of the highway striking an oncoming motor vehicle causing injuries complained of to the occupant of the oncoming car who was without fault, and whose actions did not contribute to the accident whatsoever.

"3. Whether the trial court erred in granting the appellees' motion for summary judgment."

The first and second assignments of error will be consolidated. Appellants contend that the trial court erred by finding that they did not have a cause of action against the appellees to recover money used to purchase medical necessities for the care of their injured adult son who was living at home at the time.

Appellants claim that, despite the fact that their son executed a release in favor of the tortfeasor and his parents, they still have a cause of action against the tortfeasor and his parents. They argue that the release signed by their son does not preclude them from bringing a claim against the appellees.

It is clear that the parents of a minor child injured by the wrongdoing of another have a cause of action against the tortfeasor for the loss of the child's services and medical expenses. 47 Ohio Jurisprudence 3d (1983) 370, Family Law, Section 848. Had Alex Kotlar been a minor when the accident occurred, his parents could have brought an action against the tortfeasor and his parents for their medical expenses incurred as a result of the injury. Such was not the case however. Alex Kotlar was not a minor but an adult, despite the fact that he was living at home.

"Similarly, parents legally responsible for medical services necessarily furnished their injured minor child can recover in their own action from the person responsible for the injury the amount reasonably expended therefor, or for which they have become liable; * * *. If, however, it appears, in an action by a parent or child wherein a claim is made for medical services, that the child is emancipated so as to be primarily responsible for the bill, or has actually paid or assumed to pay it, the right of recovery therefor is in the

child as against the claim of the parent. * * *'' (Footnotes omitted.) 47 Ohio Jurisprudence 3d (1983) 378-379, Family Law, Section 853.

Since Alex Kotlar was no longer a minor at the time of the accident, the rule of law giving the parents of an injured minor a cause of action for medical expenses is inapplicable. The appellants have no cause of action against the appellees. The first and second assignments of error are without merit.

Coming to assignment three, we have already determined, in our response to assignments one and two, that appellants had no cause of action against the appellees. The trial court, as evidenced in the transcript of proceedings, as well as the journal entry, also recognized there was no cause of action and properly dismissed the case. As summary judgment was not granted, we are unable to address this assignment and therefore find it to be without merit.

*Judgment affirmed.*

STILLMAN and BASINGER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District; SAUL G. STILLMAN, J., retired, of the Eighth Appellate District; and RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.