Michael A. LASLEY, et al., Plaintiffs,

v.

GEORGETOWN UNIVERSITY, Defendant.

Civ. No. 92–1445.

United States District Court, District of Columbia.

Jan. 24, 1994.

R. Kenneth Mundy, Mundy, Holt, Mance, P.C., Michael Lasley, Washington, DC, for plaintiffs.

Robert P. Watkins, Williams & Connolly, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

THOMAS F. HOGAN, District Judge.

Presently before the Court is the defendant's Motion for Partial Summary Judgment to Dismiss Plaintiff Parents, the plaintiff's Opposition to the Motion, defendant's Reply Memorandum, and supplemental memoranda from both parties. Upon consideration of these documents and the record in this matter, the Court grants the defendant's motion for the reasons set out below.

### Background

Plaintiffs Michael A. Lasley and his parents, Michael and Judith Lasley, allege that the defendant, Georgetown University, was negligent in failing to secure informed consent before performing an embolization procedure on Michael A. Lasley. The plaintiffs contend that the patient would not have agreed to the embolization, which was intended to treat a cerebral blood vessel malformation, had he known of the potential risks involved. They further allege that Lasley sustained serious injuries as a result of the procedure, including permanent paralysis of the right arm and leg. The parents claim that they have incurred expenses in caring for their son, who was eighteen years old and a competent adult at the time of his alleged injuries.

*Analysis*

## I. *Informed Consent*

 The defendant's Motion for Partial Summary Judgment to Dismiss Plaintiff Parents is based on the argument that the defendant owed the parents no duty to secure their informed consent. The plaintiffs do not dispute this argument in their Opposition to the Motion. In their supplemental memoranda, however, the plaintiffs renew their contention that Georgetown University was required to secure the parents' informed consent, basing this duty on the particular family relationship involved in this case. This contention is without support in the law. The physician's duty to inform a patient of the consequences of a proposed treatment is based on the right of every competent adult to determine what is to be done with his or her own body. *Crain v. Allison,* 443 A.2d 558, 561 (D.C.1982). The ultimate decision to accept or reject a proposed treatment lies with the patient. *Id.* Thus, where the patient is a competent adult there is no duty to obtain the informed consent of a parent. 61 Am.Jur.2d *Physicians, Surgeons, etc.* § 187 (1981). The fact that Michael A. Lasley depended upon his parents and allowed them to participate in his affairs does not establish a legal duty for Georgetown toward the parents. Because he was a competent adult at the time of the procedure, the informed consent of the parents was not required.

## II. *Parental Claim for Expenses*

 The above discussion is not dispositive, however. The plaintiff parents assert in their Opposition to the Motion that they have a claim in their own right for expenses incurred in providing for their son's care. In support of this claim, the plaintiffs cite *Lester v. Dunn,* 475 F.2d 983 (D.C.Cir.1973). The *Lester* court recognized that, under long-standing Maryland law, parents can recover expenses and lost wages resulting from injuries sustained by their child. *Id.* at 985–86. Although Maryland law does not apply to this case,[1] the same concept appears to exist in District of Columbia law. *See National City Dev. Co. v. McFerran,* 55 A.2d 342, 343 (D.C.1947) (implying that father has cause of action in his own name for medical expenses and loss of injured child's earnings). *But cf. District of Columbia v. Howell,* 607 A.2d 501, 506 (D.C.1992) (refusing to recognize parental claim for loss of child's consortium).[2] As noted in *Lester,* the Maryland law is consistent with the generally accepted view. 475 F.2d at 985; *accord* 90 A.L.R.2d 1335 (1963).

 The parental right to recover expenses when a child is injured stems from the parents' legal obligation to support the child. 67A C.J.S. *Parent & Child* § 138 (1978). The defendant points out that this obligation to support applies only to minor children, as was explained in Charles T. McCormick, *Handbook on the Law of Damages* 327–29 (1935), which the *Lester* court used to support its holding. 475 F.2d at 985–86. While it is true that the parental obligation to support a child generally ends when the child reaches the age of majority, there are exceptions whereby the obligation continues into adulthood. *Nelson v. Nelson,* 548 A.2d 109, 111 (D.C.1988). Under both District of Columbia and Maryland law, a parent is obligated to support an adult child who is

---

1. Federal courts sitting in the District of Columbia apply the District's choice of law principles. *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Lee v. Flintkote Co.,* 593 F.2d 1275, 1278–79 n. 14 (D.C.Cir.1979). In tort cases, the District's courts use "governmental interests analysis" to determine which state's law will be applied. *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d 502, 509–10 (D.C.1985). In this diversity case where the alleged injury took place in the District of Columbia, both the District and Maryland have potential interests in seeing their law applied. The District has a significant interest in holding its health care providers liable for the full extent of the negligence attributable to them. *Id.* In contrast, Maryland has a lesser interest, as indicated by the fact that Maryland courts apply the substantive law of the state where an injury to one of its residents occurred. *See Ward v. Nationwide Mut. Auto. Ins. Co.,* 328 Md. 240, 614 A.2d 85, 91 n. 8 (1992) (stating Maryland choice of law principles; *see also Stutsman v. Kaiser Found. Health Plan, Inc.,* 546 A.2d 367, 375 (D.C.1988) (noting lesser governmental interest where a state would not apply its own law). Because it has the greater governmental interest, the District of Columbia's law of negligence is applied in this case.

2. The parents here make no claim for loss of consortium.

incapacitated by a disability.[3] *See id.* at 117; *Sininger v. Sininger*, 300 Md. 604, 479 A.2d 1354, 1358 (1984) (interpreting what is now Md.Code Ann., Fam.Law § 13–102(b) (1991), which requires parents to support adult children who cannot be self-supporting due to mental or physical infirmity).

While parents may be under a legal obligation to support an adult child in some cases, the District of Columbia courts have not addressed the question of postmajority parental recovery of expenses in such a case, and the plaintiffs have cited no authority from other jurisdictions to support their position. They rely on *Martell v. Boardwalk Enters.*, 748 F.2d 740 (2nd Cir.1984), but that case is inapposite because it concerned the statutory definition of majority. *See id.* at 754–55 (holding that parental right to recover medical expenses extends beyond age eighteen to age twenty-one because parental support obligation continues until twenty-one). Michael A. Lasley is not a minor under Maryland law, which governs the support obligations of his parents.

Instead, case law from other jurisdictions supports denial of an independent parental cause of action in this case. The Court of Special Appeals of Maryland refused to recognize a cause of action for an adult child obligated to support an incapacitated parent under the same statute that extended the parental support obligation to incapacitated adult children, § 13–102. *Blucher v. Ekstrom*, 68 Md.App. 459, 513 A.2d 923, 925 (1986), *vacated on other grounds*, 309 Md. 458, 524 A.2d 1235 (1987). The *Blucher* court refrained from creating a new cause of action where legislative intent was merely to assign a support obligation. *Id.* at 925–26. Similarly, the Court of Appeals of Ohio has refused to recognize a parental cause of action, even where the parents face criminal penalties for failure to support an incapacitated adult child. *Anderson v. Cincinnati Ins. Co.*, C.A. No. E–86–45, 1987 WL 11033, at *3–5 (Ohio Ct.App. May 15, 1987); *accord Kotlar v. House*, 57 Ohio App.3d 26, 566

N.E.2d 701, 703 (1989) (denying parental cause of action in case of injured adult son). The Federal District Court for the District of Connecticut also found no parental cause of action to recover expenses resulting from an adult child's injuries under Connecticut law. *Savona v. General Motors Corp.*, 640 F.Supp. 6, 11 (D.Conn.1985).

Any expenses incurred in caring for Michael A. Lasley can be recovered through an action in his own name. The plaintiffs have shown no legal basis for a separate cause of action in the parents' names, and there is persuasive precedent to the contrary. Therefore, plaintiffs Michael and Judith Lasley have no legal basis for their claims against Georgetown University.

*Conclusion*

The plaintiffs allege that Michael A. Lasley was permanently disabled as a consequence of the defendant's negligence and that Lasley's parents are entitled to compensation for their resultant expenses. However, as Michael A. Lasley was a competent adult at the time of the alleged injury, the defendant was under no legal duty to secure the parents' informed consent. Additionally, the parents have no independent cause of action to recover expenses incurred in caring for their adult son. Therefore, it is, this 24th day of January, 1994, hereby

ORDERED, that defendant's Motion for Partial Summary Judgment to Dismiss Plaintiff Parents is granted; and it is

FURTHER ORDERED, that plaintiffs Michael Lasley and Judith Lasley are dismissed with prejudice from this matter.

---

**3.** Under District of Columbia law, Lasley is still a minor for parental support purposes. *Butler v. Butler*, 496 A.2d 621, 622 (D.C.1985) (interpreting what is now D.C.Code Ann. § 30–401 (1993)). In any event, Lasley is domiciled in Maryland, and his parents are therefore obligated by that state's support laws. *See* Smith v. Oestreich, 118 Daily Wash.L.Rep. (Wash.L.Rep. Co.) 2481, 2484–85 (D.C.Super.Ct. October 1, 1990).