OPINION
Plaintiff-appellant, Susan Carpenter, appeals a decision of the Noble County Common Pleas Court granting defendant- appellee's, United Ohio Insurance Company, motion for summary judgment and denying appellant's cross motion for summary judgment in an action regarding automobile collision liability.
The material facts of this case are undisputed. Appellant is the mother of John L. Williams (Williams), who was born on July 16, 1978. On May 16, 1997, Williams, then eighteen years old, was a passenger in an automobile operated by Daren Baker (Baker). Baker negligently caused the automobile to collide with a tree, resulting in injuries to Williams.
At the time of the accident, Baker was insured under an automobile insurance policy with liability limits of $25,000 per person and $50,000 per accident. Williams and appellant were insured under an automobile insurance policy issued by appellee, with underinsured limits of $50,000 per person and $100,000 per accident. Williams settled his claim with appellee and Baker for $50,000. On May 14, 1999, appellant filed a separate complaint against appellee, seeking recovery for 1) her loss of consortium of Williams due to his injuries, and 2) medical expenses that she incurred for treatment of Williams' injuries.
Appellee and appellant filed cross motions for summary judgment. The trial court granted summary judgment in favor of appellee and dismissed appellant's complaint with prejudice. In rendering its decision, the trial court stated:
 "As succinctly set forth in the memorandum of the defendants, the law in the State of Ohio simply does not recognize the claims propounded by Plaintiff. As Plaintiff's alleged causes of action are not recognized under Ohio law, any claims regarding UM/UIM coverage are moot."
In her only assignment of error, appellant claims:
 "THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE UNITED OHIO INSURANCE COMPANY COULD LIMIT ALL CLAIMS RESULTING FROM THE INSTANT ACCIDENT TO A SINGLE PER PERSON LIMITATION OF LIABILITY."
Under this assignment of error, appellant presents two issues:
 "[1)] Is [appellant] entitled to assert her own loss of consortium claim with respect to the injuries suffered by her son subject to the per person limit of the UIM coverage in the policy.
 "[2)] Does S.B.20 deny consortium claimants constitutional rights."
Regarding the first issue, appellant argues that she has a separate claim for loss of consortium, individually subject to the per person limit of the underinsured motorist coverage in appellee's policy. She asserts that S.B. 20, which governs underinsured motorist coverage, provides for set-off of the amount actually received by each claimant and not of the per person limit of the policy. Appellant maintains that the phrase "amount available for payment" used in S.B.20 has been construed to mean the amount actually recovered by each claimant. Also, multiple claimants may render a tortfeasor, in this case Baker, underinsured. Tortfeasor proceeds can thus be allocated so that appellant may agree to accept nothing from Baker's liability coverage and collect her entire consortium claim from appellee. She claims that S.B. 20 and legislative intent do not conflict with this interpretation.
In discussing the second issue, appellant argues that S.B. 20 denies consortium claimants the constitutional right to a meaningful remedy. She explains that the Ohio Constitution provides the primary source of fundamental rights, and that the right to a remedy under Article 1, Section 16 creates a fundamental right to compensation in consortium claims. The fundamental right to a remedy includes meaningful compensation, and courts have a duty to define the term "remedy." S.B. 20 permits a policy to limit consortium claims to a per person limit, and according to appellant, this is an elimination of compensation for consortium claims which is contrary to Article I, Section 16. Appellant also argues that contract rights come within the scope of Article I, Section 16. If S.B. 20 is unconstitutional then the established common law would prohibit insurance contracts from eliminating compensation for consortium claimants.
Under this second issue, appellant also claims that S.B. 20 violates the equal protection doctrine since it eliminates compensation for consortium claims in automobile insurance cases, but not in other types of insurance cases. Appellant asserts, "legislation that impairs a fundamental right protected by the equal protection clause must be examined under the strict scrutiny test." Appellant claims that the state has no compelling interest to deny consortium claimants all compensation for their injuries. She also states that a state interest in saving insurance companies and their stockholders the costs of greater insurance coverage fails even the rational basis test.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co._(1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293
The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc._(1977),50 Ohio St.2d 317.
 "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293
Initially, it must be noted that the issues presented by appellant are simply not the issues upon which the trial court granted appellee summary judgment. Furthermore, the trial court holding that appellant asserts in her only assignment of error — that appellee shall be permitted to limit all claims from the accident to a single per person limit — was not even a finding that the trial court made. Appellant's discussion of the two issues she presents is extensive, yet it is perplexing why she devoted such effort to these concerns, when failing to even mention the preliminary issue that must be determined whether appellant, as a parent of an adult child, has a claim for loss of consortium and medical expenses of that adult child.
This is the issue that appellee had presented before the trial court and the basis of the trial court's grant of summary judgment in favor of appellee. In finding that Ohio law does not recognize appellant's claim, the trial court referred to appellee's brief in support of summary judgment, which had focused almost entirely on the lack of recognition in Ohio law of a claim for loss of consortium and medical expenses for injuries of an adult child. The trial court also stated that, because appellant's "alleged causes of action are not recognized under Ohio law, any claims regarding UM/UIM coverage are moot." Yet, appellant apparently disregarded this finding, and instead devoted her entire appellate brief to a discussion of underinsured coverage, not even attempting to explain why these issues should not be moot or why her alleged causes of action should be recognized under Ohio law.
Pertaining to appellant's first cause of action, Ohio case law does not recognize a claim for the loss of consortium of an adult child. Cole v.Broomsticks, Inc. (1995), 107 Ohio App.3d 573, 577. Consortium is the conjugal fellowship of husband and wife and the right of each to the company, cooperation, and aid of the other in every conjugal relationship. Paroline v. Doling Assoc. (Nov. 15, 1990), Montgomery App. Nos. 11571, 11789, 11919, unreported, 1990 WL 177663 at *4. A cause of action will lie in favor of a spouse deprived of those benefits from another spouse by reason of the negligent act of a third party. Id. Such claims include emotional components, medical expenses, and compensation for care. Id. The relationship between parent and adult child does not provide the same basis for relief as that between the spouses, and considerations which are identified under the definition of consortium are not applicable to the relationship between parent and adult child.Id.
In Paroline, the Second District Court of Appeals explained the reason that courts distinguish between parents of adult children and parents of minor children for the purpose of consortium claims:
 "Though parents may be compensated for the loss of company and services of their minor children, the law views minor children as persons for whom parents naturally, and legally, bear a burden of care. That same burden does not apply to an emancipated, adult child. Also, while parents are entitled to the benefit of the labors of their minor children, they have no such right in respect to their adult children. For those reasons, the common law right to relief for loss of consortium does not support a cause of action by parents for injuries and losses suffered by their emancipated, adult children." Paroline, 1990 WL 177663 at *4.
See, also, McCartney v. Progressive Cas. Ins. Co. (Dec. 8, 1988), Fairfield App. No. 22-CA-88, unreported, 1988 WL 139540 at *2 (refusing to extrapolate, from Ohio cases allowing recovery for loss of parental consortium as to minor children, to permitting parents to recover for the loss of consortium of their twenty-year-old adult child).
Also, regarding appellant's second cause of action, there is no common law civil action which allows parents to recover medical expenses incurred by an adult child. Paroline, 1990 WL 177663 at *5. See, also,Burgin v. Hunting (Aug. 22, 1994), Clermont App. No. CA93-12-086, unreported, 1994 WL 447391 at *6.
Similarly, in Kotlar v. House (1989), 57 Ohio App.3d 26, the Eleventh District Court of Appeals sustained a grant of summary judgment against the parents of a nineteen-year-old son who received injures as a result of a motor vehicle accident. The Kotlar court found that the son was not a minor but an adult, despite the fact that he was living at home. While the court held that the law clearly established the ability of parents of a minor child injured by the wrongdoing of another to have a cause of action against the tortfeasor for medical expenses, the court stated:
 "If, however, it appears, in an action by a parent or child wherein a claim is made for medical services, that the child is emancipated so as to be primarily responsible for the bill, or has actually paid or assumed to pay it, the right of recovery therefor is in the child as against the claim of the parent. * * * (Footnotes omitted.) 47 Ohio Jurisprudence 3d (1983) 378-379, Family Law, Section 853." Id. at 27-28.
Because the Kotlar son was no longer a minor at the time of the accident, the court found that the rule of law giving the parents of an injured minor a cause of action for medical expenses was inapplicable, and that the parents of the adult child had no cause of action for medical expenses.
In Anderson v. Cincinnati Ins. Co. (May 15, 1987), Erie App. No. E-86-45, unreported, 1987 WL 11033, the Sixth District Court of Appeals decided a case involving the same two causes of action that appellant claims in the case at bar, and the Anderson court came to the same conclusion as the trial court in this case. Just as appellant's son, theAnderson child was eighteen years old. The court found:
 "[T]here is no common law civil action which allows parents to recover for the loss of services and medical expenses incurred by an adult child. Although such a cause of action exists where the child is a minor under the age of eighteen, we decline to extend this cause of action to include adult children. [The adult son] has one and only one cause of action against [the insurance company] for the purpose of recovering under the liability portion of [the insurance company's] policy. * * * [His] parents have no separate cause of action for loss of services and medical expenses against [the insurance company]. [His] recovery for medical expenses is limited to the coverage limits. This in no way limits the amount of medical expenses recoverable from the tortfeasor * * *.
 "Having found that [the] parents have no separate cause of action for loss of services and medical expenses, we find that it is unnecessary to address the issue of whether claims for loss of services and medical expenses by parents resulting from bodily injury to their children are subject to the `per person' limitation of [the insurance company's] liability policy." Id. at *3.
Therefore, as demonstrated by previous cases, Ohio law does not recognize causes of action for loss of consortium or medical expenses for the parents of an adult child. As such, appellant's brief does not reasonably appear to sustain a reversal of the trial court judgment. There is no dispute of material fact in the case at bar. Appellant's son was eighteen years old, i.e. an adult child, when he sustained injuries resulting from a motor vehicle accident. Thus, Ohio law does not recognize appellant's claims for loss of consortium and medical expenses. Viewing the facts most strongly in favor of appellant, only one conclusion could be reached that appellee is entitled to judgment as a matter of law. Therefore, the trial court did not err in granting appellee's motion for summary judgment.
Accordingly, appellant's assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs