LEROY GRIM, *an Infant v.* THOMAS R. MOORE, *Administrator*

(No. 8863)

Submitted May 9, 1939. Decided June 6, 1939.

*L. I. Rice* and *T. Russell Cather,* for plaintiff in error.
*Lee Bushong, Jr.,* and *Moore & Williams,* for defendant in error.

HATCHER, JUDGE:

Plaintiff, an infant and a guest in an automobile which wrecked, recovered a judgment of $5,000.00 for injuries suffered thereby, against the estate of the person operating the automobile.

The wreck occurred in Virginia, and plaintiff's right of recovery is subject to the laws of that state. *Clise* v. *Prunty,* 108 W. Va. 635, 152 S. E. 201. In Virginia, only gross negligence makes the operator of a car liable for guest injuries. *Wood* v. *Shrewsbury,* 117 W. Va. 569, 571, 186 S. E. 294. The defendant contends that his decedent was guiltless of gross negligence as a matter of law; that the jury was not properly instructed and that evidence of plaintiff's doctor and hospital bills was improperly admitted.

The circuit court rendered the following opinion which we consider a fair statement of both the facts and the law:

"I think that the jury would have a right to believe that the plaintiff in this case, together with a young man by the name of Whittington, was at Whittington's home at a late hour of night, probably after midnight. A horn blew out in front of the house, and Whittington said he recognized it as the horn of his employer's

(Hardy's) car. At around two o'clock in the morning, this car came down a twenty foot macadam or asphalt road, leading from Berryville to Castleman's Ferry, came up behind another automobile going in the same direction, came around that automobile, passing it, traveling at about sixty miles an hour. There was a man walking along the road, on the lefthand side of the road, going toward Castleman's Ferry. In order not to strike that man, Mr. Hardy, the driver of this car, turned to his right. That he hadn't expected to see the man walking along the road is indicated by the fact that, although it was a 20 foot road, he went from the extreme left side of the road to the extreme right of the road and off the hard surface. Then, he seems to have lost control of his car completely, and went across the road, obliquely, to the left, dragging the wheels. The car was skidding sideways as it went across the road without material reduction of speed. It crossed out of the traveled way and hit a wire fence in two places. The car upset and turned over a number of times. It came to rest about 148 yards from where he first completely lost control of the car. The front of the car was demolished. A door was broken off, mashed down, the engine driven back. One young man was thrown westward, one eastward, and another southwardly. Two of them were killed. The plaintiff in this case received a terrific blow sufficient to mash his vertebrae together, crushing several of them seriously, and crashing a number of others. Pieces of the car were found scattered along the road.

"Now, what is reckless driving depends, not so much upon the speed at which the car is being driven, as it depends upon the conditions under which the driver is 'speeding'. Fifty miles an hour might be safe under some conditions, and recklessly dangerous under others.

"Although it was a late hour of the night, yet, Mr. Hardy was required to anticipate that there would be other travel upon the road, both by automobiles and pedestrians. He should have had his car under such control that he could have avoided striking those persons

who might be using the road in a lawful manner, and, at the same time, not have endangered his own life or the lives of those in the car. He did not do that. He came into a situation that he had a right to anticipate, suddenly, without having control of his car, without maintaining a proper lookout for other traffic, driving at a rate of speed that the jury has a right to believe was reckless under the circumstances; and as a direct result of that fact, so far as the evidence here shows, he completely lost control of his car and killed Whittington and himself, and injured the plaintiff seriously. I cannot say, as a matter of law, that that is, or is not, reckless, wanton disregard of the duty he owed to the plaintiff. That is a question for the jury."

Little more can be added. There are cases, for the most part exceptional, where only one reasonable inference can arise as to the cause wrecking a car. In such cases, the court may, as a matter of law, exonerate the driver of gross negligence or find him guilty, according to that inference. There are many other cases, however, in which divergent inferences arise, and which, accordingly, must be submitted to the jury for its determination. The conclusion of the circuit court that this case was within the latter class, is, in our opinion, not erroneous. The very recent Virginia case of *Thornhill* v. *Thornhill* (April, 1939), 2 S. E. (2d) 318, held that a motorist who wrecked his car while rounding a curve at fifty or fifty-five miles an hour, was guilty of *reckless driving,* under the Virginia statute; and that whether such recklessness amounted to gross negligence was a jury question. The jury herein was instructed conformably to that decision and its citations, and we see no instructional error.

While a number of doctor and hospital bills were introduced in evidence, no objection was made except to the one statement of a doctor that he usually charged from $50.00 to $75.00 "for putting on" a "high cast" such as he was using on the plaintiff. No specification was made in the objection, which failure alone should prevent its consideration here. Furthermore, this plaintiff's father

was dead and he and his mother filed a pauper's affidavit herein. While the rule is established that a father is primarily responsible for expenses necessarily incurred in the treatment of his injured infant, yet when the father is dead, leaving no estate, the rule can have no application. In such case the infant himself is liable for the expenses, and may recover them from the person causing the injury, if it was tortious. *Harris* v. *Crawley*, 161 Mich. 383, 126 N. W. 421.

The judgment is affirmed.

*Affirmed.*